ELLEN F. ROSENBLUM
Attorney General
THOMAS CASTLE  #890321
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4794
Email:  thomas.castle@doj.state.or.us

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| OREGON PRESCRIPTION DRUG MONITORING PROGRAM, an agency of the STATE OF OREGON, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DRUG ENFORCEMENT ADMINISTRATION, an agency of the UNITED STATES DEPARTMENT OF JUSTICE, <br><br> Defendant. | Case No. _____ <br><br> COMPLAINT FOR DECLARATORY JUDGMENT |

Plaintiff, an Oregon state agency, by and through Thomas Castle, Assistant Attorney General, seeks a declaration under 28 U.S.C. §2201 regarding its rights and obligations regarding administrative subpoenas issued by the Drug Enforcement Administration that request the production of protected health information.

Page 1 -   COMPLAINT FOR DECLARATORY JUDGMENT
TJC/tjc/3742446-v1

Pursuant to Local Rule 7-1, the parties have conferred regarding this action and have been unable to resolve their dispute.

## INTRODUCTION

1.  The Oregon Prescription Drug Monitoring Program (PDMP), under ORS 431.962 as established by the Oregon Health Authority, maintains a program for monitoring and reporting prescription drugs dispensed by Oregon pharmacies that are classified in schedules II through IV under the federal Controlled Substances Act.

2.  The U.S. Drug Enforcement Administration (DEA), an agency of the United States Department of Justice, is principally responsible for investigating and enforcing the Controlled Substances Act, 21 U.S.C. §801, et seq.

3.  As part of its investigative function, the DEA regularly issues administrative subpoenas under 21 U.S.C. §876 to the PDMP requesting protected health information concerning the prescribing of controlled substances.

4.  Under Oregon law, ORS 431.966 prohibits the PDMP from disclosing protected health information collected through its program to a law enforcement agency without a court order based on probable cause.

5.  The PDMP refuses to comply with these DEA administrative subpoenas unless the DEA first obtains a court order compelling compliance.  The DEA contends that under the Supremacy Clause of the U.S. Constitution, the PDMP must comply with properly-issued DEA subpoenas without the DEA first obtaining a court order compelling compliance.

## FACTS

6.  On September 11, 2012 and September 17, 2012, DEA Group Supervisors issued and served separate DEA administrative subpoenas on the PDMP requiring the PDMP to produce records containing protected health information of specific individuals.  The DEA issued these subpoenas to PDMP as part of a drug-related investigation into potential violations of federal law.

Page 2 -   COMPLAINT FOR DECLARATORY JUDGMENT
TJC/tjc/3742446-v1

7.      On September 20, 2012, counsel for PDMP sent a letter to the DEA and the U.S. Department of Justice objecting to the administrative subpoenas, and refusing to disclose the protected health information unless pursuant to a valid court order.

8.      The DEA, through counsel, maintains that, under the Supremacy Clause, a court order is not required to compel the PDMP to comply with these administrative subpoenas.

9.      The PDMP has not complied with the subpoenas because disclosure is prohibited under Oregon law unless pursuant to a valid court order.

10.      Administrative subpoenas are not self-enforcing and the party issuing the subpoena must obtain a court order to compel compliance.

11.      In ruling on a petition to enforce an administrative DEA subpoena issued to PDMP,  Judge Papak held that ORS 431.966(2)(a)(C) is preempted by Title 21 USC Section 876 to the extent that the state statute requires a court order or showing of probable cause before compliance with an administrative subpoena from a federal agency.  *United States of America v. State of Oregon Prescription Drug Monitoring Program*, USDC Case No. 12-MC-298.

12.      The PDMP complied with Judge Papak's Order that directed the PDMP to provide the DEA with an individual's protected health information pursuant to the administrative subpoena.

JURISDICTION

13.      An actual controversy exists between the parties having adverse interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

14.      A federal question exists under the Supremacy Clause of the U.S. Constitution regarding whether federal law preempts the state statute that requires a court order before the PDMP can legally comply with a validly-issued administrative subpoena.

15.      The Court would not be abusing its discretion by exercising its jurisdiction under the Uniform Declaratory Judgment Act to resolve this controversy.

Page 3 -   COMPLAINT FOR DECLARATORY JUDGMENT
TJC/tjc/3742446-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

STANDING

16.     The PDMP has standing to seek declaratory relief because the PDMP will violate

Oregon law if it discloses protected health information without a valid court order.

17.     The actual injury is directly traceable to the administrative subpoena issued by the

DEA.

18.     The potential violation of Oregon law caused by the unlawful disclosure of

protected health information will be rectified by the court's judgment declaring the parties' rights

and obligations.

PRAYER FOR RELIEF

PDMP prays for a judgment declaring that it cannot be compelled to disclose an

individual's protected health information to the DEA pursuant to an administrative subpoena

unless so ordered by a federal court.

DATED November   9  , 2012.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General


  s/ Thomas Castle
THOMAS CASTLE #890321
Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4794
thomas.castle@doj.state.or.us
Of Attorneys for Plaintiff

Page 4 -    COMPLAINT FOR DECLARATORY JUDGMENT
TJC/tjc/3742446-v1