Kevin Díaz, OSB No. 970480
Email: kdiaz@aclu-or.org
**ACLU Foundation of Oregon**
PO Box 40585
Portland, OR 97240
Tel.: (503) 227-6928; Fax: (503) 227-6948

Nathan Freed Wessler (*pro hac vice* application pending)
Email: nwessler@aclu.org
Ben Wizner (*pro hac vice* application pending)
Email: bwizner@aclu.org
**American Civil Liberties Union Foundation**
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500; Fax: (212) 549-2654

Attorneys for the Plaintiffs-Intervenors

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **OREGON PRESCRIPTION DRUG MONITORING PROGRAM**, an agency of the **STATE OF OREGON**,<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES DRUG ENFORCEMENT ADMINISTRATION**, an agency of the **UNITED STATES DEPARTMENT OF JUSTICE**,<br><br>Defendant. | Case No.: 3:12-cv-02023-HA<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO FILE COMPLAINT IN INTERVENTION USING PSEUDONYMS** |

**JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, DR. JAMES ROE, and the AMERICAN CIVIL LIBERTIES UNION OF OREGON, INC.,**

       Plaintiffs-Intervenors,

               v.

**UNITED STATES DRUG ENFORCEMENT ADMINISTRATION**, an agency of the **UNITED STATES DEPARTMENT OF JUSTICE,**

       Defendant in Intervention.

**TABLE OF CONTENTS**

CORPORATE DISCLOSURE STATEMENT ...........................................................ii

INTRODUCTION ............................................................................................... 1

ARGUMENT ...................................................................................................... 2

    I.    JOHN DOES 1–4 SHOULD BE PERMITTED TO PROCEED PSEUDONYMOUSLY BECAUSE ANONYMITY IS NECESSARY TO PROTECT THE RIGHT TO PRIVACY INTEGRAL TO THEIR SUBSTANTIVE CLAIMS. ................................... 3

    II.    JOHN DOES 1–4 SHOULD BE PERMITTED TO PROCEED PSUEDONYMOUSLY BECAUSE THE CASE INVOLVES MATTERS OF A SENSITIVE AND HIGHLY PERSONAL NATURE. ................................................................................ 6

    III.    JAMES ROE SHOULD BE PERMITTED TO PROCEED PSUEDONYMOUSLY BECAUSE HE REASONABLY FEARS RETALIATION OR HARASSMENT. ........... 8

CONCLUSION.................................................................................................... 11

CERTIFICATE OF COMPLIANCE ........................................................................ 12

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Civil Procedure 7.1, the American Civil Liberties Union of Oregon, Inc. certifies that it is a not-for-profit corporation, with no parent corporation or publicly-traded stock.


Dated:  January 25, 2013

/s/ Ben Wizner
Ben Wizner

Pursuant to Federal Rule of Civil Procedure 7(b), Plaintiffs-Intervenors John Does 1–4, Dr. James Roe, and American Civil Liberties Union of Oregon ("Intervenors") move to file their Complaint in Intervention using pseudonyms for John Does 1–4 and Dr. James Roe in order to preserve their constitutional right to privacy. Pursuant to Local Rule 7-1, the parties have conferred and have been unable to resolve their underlying dispute. Plaintiff Oregon Prescription Drug Monitoring Program takes no position on this motion. Intervenors contacted Defendant U.S. Drug Enforcement Administration, but that party has not indicated its position on this motion.

## INTRODUCTION

As discussed in detail in Intervenors' Motion to Intervene and the accompanying Proposed Complaint in Intervention, Intervenors seek to intervene in this action to protect their constitutional right to be free of unreasonable searches. The underlying lawsuit involves a dispute between the State of Oregon and the federal Drug Enforcement Administration ("DEA") over whether the DEA can obtain protected health information from the Oregon Prescription Drug Monitoring Program ("PDMP") using an administrative subpoena, in violation of Oregon's statutory requirement that law enforcement obtain a court order based on probable cause. Intervenors are individuals whose constitutionally protected private medical information is at stake in this lawsuit. They seek to intervene to advance the argument that the Fourth Amendment requires the DEA to obtain a warrant before requesting prescription records from the PDMP.

Intervenors ask the Court to permit John Does 1–4 and James Roe to proceed in this case under pseudonyms because the foundation of their Complaint is their Fourth Amendment claim that they have a reasonable expectation of privacy in their prescription records. John Does 1–4's

1 - MEMORANDUM OF LAW IN SUPPORT OF MOTION TO FILE COMPLAINT IN INTERVENTION USING PSEUDONYMS

prescription information, as set out in their Complaint and the declarations filed herewith, reveals sensitive, private, and highly personal details concerning their medical diagnoses and treatment. The Court should permit John Does 1–4 to use pseudonyms because otherwise the constitutional interests they seek to protect will be impaired before the Court can even consider the merits of their claims. In addition, John Does 1–4 should be permitted to proceed pseudonymously because the information requested is of a sensitive and highly personal nature. Finally, James Roe should be permitted to use a pseudonym because he reasonably fears that disclosure of his identity will lead to retaliation or harassment.

## **ARGUMENT**

Parties frequently proceed under pseudonyms in cases involving the privacy of sensitive medical information or other similarly sensitive information. *E.g.*, *Whalen v. Roe*, 429 U.S. 589 (1977); *Doe v. Delie*, 257 F.3d 309 (3d Cir. 2001); *Doe v. Broderick*, 225 F.3d 440 (4th Cir. 2000); *Roe v. Sherry*, 91 F.3d 1270 (9th Cir. 1996); *Doe v. Attorney Gen. of the U.S.,* 941 F.2d 780 (9th Cir. 1991), *vacated on other grounds sub nom. Reno v. Doe ex rel. Lavery,* 518 U.S. 1014 (1996); *see also John Doe No. 1 v. Reed*, 130 S.Ct. 2811 (2010) (First Amendment challenge to state's disclosure of referendum petition signatures); *Smith v. Doe*, 538 U.S. 84 (2003) (challenge to constitutionality of sex offender registry); *Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002) (suit alleging release of personal information in violation of federal statute); *Heller v. Doe ex rel. Doe*, 509 U.S. 312 (1993) (constitutional challenge to involuntary commitment of mentally retarded persons); *Roe v. Wade*, 410 U.S. 113 (1973) (suit regarding constitutional right to abortion); *Poe v. Ullman*, 367 U.S. 497 (1961) (challenge to constitutionality of state statutes prohibiting the use of contraceptive devices and the provision of medical advice about

2 - MEMORANDUM OF LAW IN SUPPORT OF MOTION TO FILE COMPLAINT IN INTERVENTION USING PSEUDONYMS

contraceptive devices). This is such a case. First, this is a case involving a constitutionally

protected interest in privacy that would be eliminated at the outset if Intervenors are forced to

proceed under their real names. Second, anonymity is necessary here to "preserve privacy in a

matter of sensitive and highly personal nature." *Does I thru XXIII v. Advanced Textile Corp.*, 214

F.3d 1058, 1068 (9th Cir. 2000) (internal quotation marks omitted). Third, pseudonymous filing

is justified because one Intervenor reasonably fears that disclosure of his identity will lead to

retaliation or harassment. Thus, this case presents one of the "special circumstances when the

party's need for anonymity outweighs prejudice to the opposing party and the public's interest in

knowing the party's identity."[1] *Id.*

## I. JOHN DOES 1–4 SHOULD BE PERMITTED TO PROCEED PSEUDONYMOUSLY BECAUSE ANONYMITY IS NECESSARY TO PROTECT THE RIGHT TO PRIVACY INTEGRAL TO THEIR SUBSTANTIVE CLAIMS.

John Does 1–4 seek to intervene in this lawsuit to assert their constitutional rights not to

have their protected medical information disclosed to law enforcement without a warrant based

on probable cause. They must be permitted to proceed pseudonymously because should their

identities become public knowledge at the outset of this lawsuit, that would destroy the very right

to privacy that they are trying to protect by intervening in this lawsuit.[2] It cannot be the rule that

in order to assert their constitutional rights in court, Intervenors must first relinquish those rights.

---

[1] Courts apply the same standards in assessing motions to use pseudonyms in complaints in intervention as motions to use pseudonyms in complaints. *See Equal Emp't Opportunity Comm'n v. ABM Indus. Inc.*, 249 F.R.D. 588, 592–95 (E.D. Cal. 2008).

[2] Plaintiff-Intervenor ACLU of Oregon filed the Complaint in Intervention using its real name. This is because, as an organizational plaintiff, the ACLU of Oregon does not risk its personal privacy being violated by participation in this suit. However, the ACLU of Oregon does have an interest in maintaining the privacy of its members on whose behalf it joins this lawsuit. The ACLU of Oregon will not publicly reveal the names or other identifying information about its members who are named plaintiffs-intervenors or other members with prescription records in the PDMP.

3 - MEMORANDUM OF LAW IN SUPPORT OF MOTION TO FILE COMPLAINT IN INTERVENTION USING PSEUDONYMS

*See NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 459 (1958) (rejecting judicial rule that would require an individual to identify himself in order to assert his First Amendment rights because it "would result in nullification of the right at the very moment of its assertion"); *M.S. v. Wermers*, 557 F.2d 170, 176 (8th Cir. 1977) (rejecting requirement that minor plaintiff disclose her participation in the lawsuit to her parents where it would "substantially nullify the privacy right she seeks to vindicate").

Recognizing that in certain cases participation using a party's real name would impair the rights that the party seeks to protect, courts have logically permitted individuals to proceed anonymously where the substantive claim at issue involves the right to privacy or anonymity. *See, e.g.*, *Reed*, 130 S.Ct. 2811 (proceeding pseudonymously in suit to enjoin Washington State from disclosing the identities of petition signers after the district court granted a protective order against the disclosure of their identities); *Smith*, 538 U.S. 84 (proceeding pseudonymously in a challenge to sex offender registration and community notification system after the Ninth Circuit, in an unpublished decision, reversed the district court's denial of motion to proceed pseudonymously); *Broderick*, 225 F.3d 440 (proceeding pseudonymously in Fourth Amendment challenge to warrantless search of confidential medical records at methadone clinic); *Roe ex rel. Roe v. Ingraham*, 364 F. Supp. 536, 541 n.7 (S.D.N.Y. 1973), *rev'd on other grounds sub nom. Whalen v. Roe*, 429 U.S. 589 (1977) ("[I]f plaintiffs are required to reveal their identity prior to the adjudication on the merits of their privacy claim, they will already have sustained the injury which by this litigation they seek to avoid.").

Although the public ordinarily has an interest in knowing the names of parties to lawsuits, that interest is outweighed where, as here, the public has an overriding interest in ensuring the protection of Fourth Amendment privacy rights and permitting individuals to bring

judicial challenges to government action that may violate their constitutional rights. *See, e.g.*,

*Advanced Textile Corp.*, 214 F.3d at 1073 ("[P]ermitting plaintiffs to use pseudonyms will serve

the public's interest in this lawsuit by enabling it to go forward."); *cf. Rivera v. NIBCO, Inc.*, 364

F.3d 1057, 1065 (9th Cir. 2004) ("The chilling effect [that the discovery of immigration status of

workers] could have on the bringing of civil rights actions unacceptably burdens the public

interest."). Intervenors are among the individuals whose personal and private medical

information is directly at stake in this litigation. The basis of their legal claims is that they have

issued or filled prescriptions for schedule II, III, or IV drugs in Oregon and that their Fourth

Amendment rights would be violated if the DEA were able to gain access to their prescription

records—and the confidential medical information that those records reveal—without obtaining

a warrant. If Intervenors are not permitted to defend their rights pseudonymously, they will not

have any practicable way of asserting their rights in court without revealing the very information

they are trying to protect. That result would be inconsistent with the public's interest in ensuring

that individuals have access to court to enforce their constitutional rights. Moreover, because the

defendant in this action is a government agency, the balance of interests is weighted toward

allowing anonymity:

> where a plaintiff attacks governmental activity, for example a governmental
> policy or statute, the plaintiff's interest in proceeding anonymously is considered
> particularly strong. *See, e.g., Roe v. Wade,* 410 U.S. 113 . . . . In such
> circumstances the plaintiff presumably represents a minority interest (and may be
> subject to stigmatization), and there is arguably a public interest in a vindication
> of his rights. In addition, the government is viewed as having a less significant
> interest in protecting its reputation from damaging allegations than the ordinary
> individual defendant.

*EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003). Therefore, use of pseudonyms in

this case is warranted.

5 - MEMORANDUM OF LAW IN SUPPORT OF MOTION TO FILE COMPLAINT IN
INTERVENTION USING PSEUDONYMS

II.    **JOHN DOES 1–4 SHOULD BE PERMITTED TO PROCEED PSUEDONYMOUSLY BECAUSE THE CASE INVOLVES MATTERS OF A SENSITIVE AND HIGHLY PERSONAL NATURE.**

John Does 1–4 should also be allowed to proceed under pseudonyms to "preserve privacy in a matter of sensitive and highly personal nature." *Advanced Textile Corp.*, 214 F.3d at 1068 (recognizing that plaintiffs are permitted to proceed pseudonymously when anonymity is necessary to preserve privacy in such matters). This case involves protected prescription records that reveal confidential and sensitive details about John Does 1–4's medical conditions and James Roe's physician-patient relationships—i.e., sensitive and highly personal matters.

In their Complaint in Intervention, John Does 1–4 have disclosed which specific schedule II, III, or IV medications they have taken in the past, currently take, and expect to continue taking as well as the underlying medical conditions those medications treat. Intervenors' Compl. ¶¶ 51–134. Disclosure of this information in Intervenors' Complaint is necessary in order to allege their Fourth Amendment claim that their reasonable expectation of privacy in their prescription records will be violated if the DEA is permitted to obtain protected health information from the PDMP without a warrant. Intervenors' prescriptions for psychiatric drugs, narcotic pain medication, testosterone, and other medication reveal private details of their mental health, their medical conditions, and the status of their treatment.

The information revealed by the prescription records of John Does 1–4 is sensitive and highly personal information that is sufficient on its own to allow them to proceed pseudonymously. *Advanced Textile Corp.*, 214 F.3d at 1068. John Does 2 and 4's prescription records show that they take weekly or bi-weekly doses of testosterone, which reveals not only that they are receiving hormone replacement therapy as treatment for gender identity disorder, but also the status of their transition from female to male gender identity. Declaration of John

6 - MEMORANDUM OF LAW IN SUPPORT OF MOTION TO FILE COMPLAINT IN INTERVENTION USING PSEUDONYMS

Doe 2 ("Doe 2 Decl.") ¶¶ 4–8, 20; Declaration of John Doe 4 ("Doe 4 Decl.") ¶¶ 4–10. John Doe

3 is diagnosed with anxiety and post traumatic stress disorders. His prescription records show

that he takes prescription clonazepam, an anti-anxiety medication. This reveals that he is

receiving treatment for a mental illness. Declaration of John Doe 3 ("Doe 3 Decl.") ¶¶ 14–17, 26.

John Doe 1's prescription records show that he takes oxycodone and hydrocodone, both narcotic

pain medications, which he needs to treat the pain associated with frequent and severe kidney

stones. Declaration of John Doe 1 ("Doe 1 Decl.") ¶¶ 16–22.  That information is profoundly

private and potentially stigmatizing. Courts routinely permit parties to proceed under a

pseudonym where such private and potentially stigmatizing medical and mental health

information would otherwise be disclosed and associated with an individual. *See, e.g.*, *Sherry*, 91

F.3d 1270  (pseudonym used on appeal where HIV status would otherwise be revealed)

(Appellate Commissioner's order permitting use of pseudonym docketed Sept. 26, 1995); *Doe v.

Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006) (pseudonym used where

bipolar disorder at issue); *N.Y. Blood Ctr.*, 213 F.R.D. at 112–13 (permitting use of pseudonym

by plaintiff with hepatitis B); *Patient v. Corbin*, 37 F. Supp. 2d 433, 434 (E.D. Va. 1998)

(finding plaintiff and her husband have a substantial privacy interest in protecting fact that

plaintiff's husband is HIV positive); *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464,

465–69 (E.D. Pa. 1997) (pseudonym used where case involved psychiatric disorders, including a

general anxiety disorder, dysthymic disorder, and adult attention deficit disorder); *Compassion in

Dying v. Washington*, 850 F. Supp. 1454, 1456  & n.2 (W.D. Wash. 1994), *aff'd.*, 79 F.3d 790

(9th Cir. 1996), *rev'd sub nom. Washington v. Glucksberg*, 521 U.S. 702 (1997) (pseudonyms

used to protect privacy of plaintiffs with terminal illnesses, including cancer, emphysema, and

AIDS); *Doe v. Blue Cross & Blue Shield*, 794 F. Supp. 72, 74 (D.R.I. 1992) (permitting use of

7 - MEMORANDUM OF LAW IN SUPPORT OF MOTION TO FILE COMPLAINT IN
INTERVENTION USING PSEUDONYMS

pseudonym because, "[a]s a transsexual, plaintiff's privacy interest is both precious and fragile, and this Court will not cavalierly permit its invasion"); *Attorney Gen. of the U.S.*, 723 F. Supp. at 453 n.1 (pseudonym used to protect privacy where HIV status of plaintiff would otherwise be revealed); *Ingraham*, 364 F. Supp. at 541 n.7 (pseudonym used for prescription drug users, including a postoperative cancer patient and an individual suffering from migraine headaches).

### III.   JAMES ROE SHOULD BE PERMITTED TO PROCEED PSUEDONYMOUSLY BECAUSE HE REASONABLY FEARS RETALIATION OR HARASSMENT.

James Roe should be allowed to proceed pseudonymously because he reasonably fears that disclosure of his identity will lead to retaliation or harassment. *See Advanced Textile Corp.*, 214 F.3d at 1068. Roe fears that disclosure of his identity will devastate his professional relationships, increase his medical malpractice insurance rates, and provoke further unwarranted and resource-consuming investigations by both federal and state agencies. In other words, Roe fears that disclosure of his identity will destroy his livelihood. He should be allowed to use a pseudonym to prevent this result.

The Court must balance five factors in determining whether to grant a party's motion to proceed pseudonymously on retaliation grounds: (1) severity of the threatened harm, (2) reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to retaliation, (4) prejudice to the opposing party, and (5) whether the public's interest in the case requires that litigants reveal their identities. *See Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir.2010) (citing *Advanced Textile Corp.*, 214 F.3d at 1068). Because the first two factors are the "most important," a party wishing to proceed pseudonymously "must show both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *See id.* at 1043.

8 - MEMORANDUM OF LAW IN SUPPORT OF MOTION TO FILE COMPLAINT IN INTERVENTION USING PSEUDONYMS

Here, Roe reasonably fears that he will suffer severe economic and reputational harm if his identity is disclosed. *See Advanced Textile Corp.*, 214 F.3d at 1070 (holding that economic injuries inflicted by third-parties, such as termination or blacklisting, may be sufficient to justify anonymous proceedings, where such injuries carry "extraordinary" consequences). First, Roe fears that disclosure of his identity and the fact that he was under investigation by federal law enforcement agencies will scare away his patients—who, like John Does 1–4, understandably wish to avoid law enforcement scrutiny of their medical records—and cause skilled care and hospice facilities to stop working with him. Declaration of James Roe ("Roe Decl.") ¶ 42. Roe depends on these professional relationships for his livelihood; their destruction would end his career. *Id.* Second, Roe fears that disclosure will cause state medical licensing bodies in both Washington and Oregon to open their own investigations into his medical practices, which would distract Roe from his work and force him to expend considerable resources defending his medical license against unwarranted suspicion. *Id.* ¶ 40. Finally, Roe fears that his malpractice insurance rates could increase if it becomes publicly known that his prescription records were investigated by federal law enforcement agents. *Id.* ¶ 41. As a small practitioner not employed by a hospital or other large organization, *id.* ¶ 42, Roe is particularly vulnerable to these injuries— he must depend on his own reputation and professional relationships to attract patients, he must pay his own insurance premiums, and he must himself bear the cost of defending his license. In short, the hardships described above would likely be severely detrimental to Roe's professional and financial security. To avoid that result, he should be allowed to proceed pseudonymously.

On the other side of the ledger, the use of a pseudonym in this case will not prejudice the government. Like John Does 1–4, Roe seeks to intervene for the purpose of establishing that the Fourth Amendment requires the Drug Enforcement Administration to obtain a probable cause

warrant in order to acquire prescription records, and the sensitive medical information those records reveal, from the Oregon Prescription Drug Monitoring Program. Because this issue is not particularly fact-bound, anonymity is not likely to hinder the government's defense. *See Kamehameha Schools*, 596 F.3d at 1045 n.7 (noting, in the context of a lawsuit challenging a private school's racial discrimination policy, that pseudonymous proceedings would not likely hinder the defendant's standing defense, because "the parties could refer in general terms to the [plaintiff] children's relevant characteristics, such as whether they completed their applications or met the school's requirements in terms of test scores and grades"). Even if the government could conceivably require knowledge of Roe's identity at some point in the future, it has no need for that information at this stage of the proceedings. *See Advanced Textile Corp.*, 214 F.3d at 1072 ("[A]t present defendants suffer no prejudice by not knowing the names of plaintiffs."). Moreover, although private plaintiffs may be prejudiced by having to proceed publicly against a private defendant, the government incurs no such prejudice because it possesses a considerably "less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." *N.Y. Blood Ctr.*, 213 F.R.D. at 111; *see also S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979).

Finally, the public interest supports allowing Roe to proceed pseudonymously. On the one hand, allowing Roe to proceed pseudonymously will not obstruct public scrutiny of the important issues in this case, because the nature of his legal challenge has almost nothing to do with his particular identity. *See Kamehameha Schools*, 596 F.3d at 1043 (stating, in the context of a challenge to a private school's allegedly race-based admissions policy, that "it is difficult to see 'how disguising plaintiffs' identities will obstruct public scrutiny of the important issues,'" because the plaintiff children brought "claims of widespread discrimination"). On the other hand,

10 - MEMORANDUM OF LAW IN SUPPORT OF MOTION TO FILE COMPLAINT IN INTERVENTION USING PSEUDONYMS

the public has a strong interest in seeing the controversial and important issues raised by this case resolved on the merits. *See id.* Thus, allowing Roe to proceed pseudonymously will serve the public interest by allowing the case to go forward. *See id.* (citing *Advanced Textile*, 214 F.3d at 1062, 1073).

## CONCLUSION

For the foregoing reasons, Intervenors' motion to file the Complaint in Intervention using pseudonyms for John Does 1–4 and James Roe should be granted.


Dated:  January 25, 2013                    Respectfully submitted,

                                             /s/ Ben Wizner
                                            Ben Wizner (*pro hac vice* application pending)
                                            Nathan F. Wessler (*pro hac vice*
                                              application pending)
                                            American Civil Liberties Union Foundation
                                            125 Broad Street, 18th Floor
                                            New York, NY 10004
                                            Tel.: (212) 549-2500
                                            Fax: (212) 549-2654

                                             /s/ Kevin Díaz
                                            Kevin Díaz (OSB No. 970480)
                                            ACLU Foundation of Oregon
                                            PO Box 40585
                                            Portland, OR 97240
                                            Tel.: (503) 227-6928
                                            Fax: (503) 227-227-6948

                                            *Counsel for Plaintiff-Intervenors*

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 3,409 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of authorities, signature block, and any certificates of counsel.

Dated:  January 25, 2013

<u>  /s/ Ben Wizner                               </u>
Ben Wizner