Kevin Díaz, OSB No. 970480
Email: kdiaz@aclu-or.org
**ACLU Foundation of Oregon**
PO Box 40585
Portland, OR 97240
Tel.: (503) 227-6928; Fax: (503) 227-6948

Nathan Freed Wessler *(pro hac vice* application pending)
Email: nwessler@aclu.org
Ben Wizner *(pro hac vice* application pending)
Email: bwizner@aclu.org
**American Civil Liberties Union Foundation**
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500; Fax: (212) 549-2654

      Attorneys for the Plaintiffs-Intervenors

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **OREGON PRESCRIPTION DRUG MONITORING PROGRAM**, an agency of the **STATE OF OREGON**,<br><br>    Plaintiff,<br><br>    v.<br><br>**UNITED STATES DRUG ENFORCEMENT ADMINISTRATION**, an agency of the **UNITED STATES DEPARTMENT OF JUSTICE**,<br><br>    Defendant. | Case No.: 3:12-cv-02023-HA<br><br>**DECLARATION OF JOHN DOE 3 IN SUPPORT OF MOTION TO FILE COMPLAINT IN INTERVENTION USING PSEUDONYMS** |

1 - DECLARATION OF PLAINTIFF-INTERVENOR JOHN DOE 3

| |
|---|
| **JOHN DOE 1, et al.,** |
|       Plaintiffs-Intervenors, |
|                 v. |
| **UNITED STATES DRUG ENFORCEMENT ADMINISTRATION**, an agency of the **UNITED STATES DEPARTMENT OF JUSTICE,** |
|       Defendant in Intervention. |

I, John Doe 3,[1] hereby declare and state as follows:

1. I submit this declaration based on my personal knowledge in support of Intervenors' Motion to File Complaint in Intervention Using Pseudonyms, in the above-captioned case.

2. I am one of the individuals seeking to intervene in this action.

3. I am an Oregon small business owner and have lived in Oregon for most of my life.

4. I take two prescription medications classified as schedule III or IV drugs under the federal Controlled Substances Act: Vicodin and clonazepam.

5. These medications are prescribed by Oregon-based physicians and I obtain refills of my prescriptions at pharmacies in Oregon. As a result, I believe that records of my prescriptions for these medications are recorded by the Oregon Prescription Drug Monitoring Program ("PDMP").

---

[1] This is not my real name. I am proceeding under a pseudonym in order to protect my constitutional right to privacy. The use of the name "John Doe" and gender pronouns is not intended to signify that I am either male or female.

2 - DECLARATION OF PLAINTIFF-INTERVENOR JOHN DOE 3

6.  I suffer from a genetic blood disorder that causes blood clots. I require prescription blood thinners to control this condition and without them the condition would be life-threatening. I will need to continue taking them for the rest of my life.

7.  Because I use blood thinners, I cannot take over-the-counter pain medications such as aspirin or Tylenol. Most pain medications have blood-thinning properties, which could interact with my blood thinners in dangerous ways.

8.  The only effective pain medications I can take that will not interact with my blood thinners are on the schedule list under the Controlled Substances Act.

9.  My doctor prescribes me Vicodin for pain relief.

10. Vicodin is a trade name for a medication containing hydrocodone. It is classified in schedule III under the Controlled Substances Act.

11. I take Vicodin to relieve all of the types of pain that most people are able to treat using over-the-counter medications. For example, I use Vicodin to relieve the pain of headaches, back aches, and sore joints.

12. I keep a constant supply of Vicodin on hand. My prescriptions are usually dispensed in quantities of 15 pills, and I typically refill my prescription every four to six weeks.

13. Because I cannot stop taking prescription blood thinners, I do not have the option of using an alternative pain medication that is not a schedule II, III, or IV drug.

14. I also am also diagnosed with anxiety and post-traumatic stress disorders.

15. For approximately the last 20 years, I have taken clonazepam to treat these conditions.

16. Clonazepam is in the benzodiazepine group of drugs, and is classified in schedule IV under the Controlled Substances Act.

3 - DECLARATION OF PLAINTIFF-INTERVENOR JOHN DOE 3

17. If I did not take clonazepam regularly, I would not be able to control my anxiety and my ability to function, including being able to work, would be impaired.

18. I have been attempting to taper off of clonazepam and substitute other medications, but that is a 12 to 18 month processes that will not finish for at least another six months, if successful.

19. Information about my prescriptions and my physical and mental health is private, sensitive, and personal. I want neither the government nor the public to know what medications I take and what conditions they treat.

20. I have long followed public affairs in Oregon and I paid close attention to the debate over creation of the PDMP several years ago. I am not comfortable with my private medical information, including my prescription records, being fed into a government database, and I did not think the PDMP was a good idea.

21. Even though I did not think the legislature should have created the PDMP, some of my fears about the program were assuaged by the strong privacy and security protections put into place by the legislature. I consider the prohibition on law enforcement access to PDMP records without a court order based on probable cause to be a crucial part of those protections.

22. When it was created, the PDMP was presented as a public health tool that would help doctors and pharmacists prevent prescription drug overdoses and avoid overprescribing potentially dangerous medications. It was not supposed to be an adjunct of law enforcement. As I remember it, the restriction on law enforcement access was necessary to the political negotiations that led to creation of the PDMP.

23. I am aware that the DEA claims the authority to obtain prescription records from the PDMP without first obtaining a court order based on probable cause. The prospect of the

4 - DECLARATION OF PLAINTIFF-INTERVENOR JOHN DOE 3

DEA being able to access my prescription records without first presenting evidence to a judge that I have done something wrong is deeply unsettling to me.

24. I fear that without the oversight provided by a judge and the requirement to demonstrate probable cause, the DEA will be able to place anyone under scrutiny and comb through their confidential medical information without good reason. I fear being the target of such unwarranted scrutiny.

25. Further, based on my past professional experience, the easier it is to access information in a large database, the more likely it is to leak to people without authorization or reason to view it.

26. I want to keep information about my prescriptions private because my health information is nobody else's business, but also because it would be embarrassing and potentially stigmatizing if the information were no longer confidential. In particular, clonazepam is a drug closely associated with the treatment of mental illness. I fear that other people, including law enforcement agents, would attach stigma to the fact that I receive mental health treatment. Losing the privacy of that information could negatively affect my personal and professional reputation.

27. If the DEA were permitted to obtain PDMP records without a court order based on probable cause, the prospect of federal law enforcement agents learning private details of my physical and mental health would cause me anxiety. I fear that that anxiety could increase my need for clonazepam, frustrating my efforts to taper off of that medication and forcing me to incur the expense and inconvenience of increasing my dosage.

28.     I would take whatever steps I could to protect my privacy, including possibly filling my Vicodin and clonazepam prescriptions in another state, even though that would impose additional costs on me and would be inconvenient.

29.     Although I want to protect my right to the privacy of my prescription records and the medical information that they reveal, I also want to be able to assert my constitutional rights in court to ensure that the DEA cannot obtain personally identifying information from the PDMP that reveals my private prescription information without complying with the Fourth Amendment. The only way for me to do that is to proceed under a pseudonym because, otherwise, I will have to disclose to the DEA (and the public at large) the very information—my name, connected with the specific schedule III and IV drugs I take, the dosage I am prescribed, the frequency with which I take them, and the conditions they treat—that my Complaint in Intervention is seeking to protect.

30.     Additionally, it would be embarrassing, uncomfortable, and stigmatizing if detailed private and confidential information about my mental health and medical conditions were disclosed to the public.

31.     Neither my name nor any other personally identifying information about me (including my image) will be revealed in any public statement that I or my representatives make about this case.

Pursuant to 28 U.S.C. § 1746, I hereby declare and state under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED this 22 day of January, 2013.

*[signature]*

John Doe 3[2]

---

[2] As noted above, this is a pseudonym.

7 - DECLARATION OF PLAINTIFF-INTERVENOR JOHN DOE 3