UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

OREGON PRESCRIPTION DRUG
MONITORING PROGRAM, an agency
of the STATE OF OREGON,

       Plaintiff,

v.

UNITED STATES DRUG
ENFORCEMENT ADMINISTRATION,
an agency of the UNITED STATES
DEPARTMENT OF JUSTICE,

       Defendant.

Case No. 3:12-cv-02023-HA

ORDER

HAGGERTY, District Judge:

      Plaintiff, the Oregon Prescription Drug Monitoring Program (PDMP) brought this action for declaratory relief against the United States Drug Enforcement Administration (defendant or DEA) pursuant to 28 U.S.C. § 2201 to determine its rights and obligations in complying with administrative subpoenas issued by the DEA. Putative intervenors, the American Civil Liberties Union of Oregon, Inc., John Does 1-4, and Dr. James Roe, M.D. (collectively "ACLU" or "movants"), move to intervene in this matter as intervenor plaintiffs and move to file their complaint using pseudonyms for John Does 1-4 and Dr. James Roe. Oral argument was deemed unnecessary for resolution of these motions. For the following reasons, the ACLU's Motion to Intervene [7] and Motion to File Complaint in Intervention Using Pseudonyms [8] are granted.

1    - ORDER

**BACKGROUND**

In 2009, the Oregon legislature created PDMP as an electronic database maintained by the Oregon Health Authority to record information about the prescription of drugs classified in Schedules II-IV under the federal Controlled Substances Act. Or. Rev. Stat. (ORS) 431.962. A pharmacy that dispenses a Schedule II-IV prescription drug in Oregon must electronically report certain information regarding that prescription to PDMP including: the quantity and type of drug dispensed, identifying information about the patient, and identifying information about the practitioner who prescribed the drug. ORS 431.964. Depending on the drug prescribed, the information reported to PDMP can reveal a great deal regarding a particular patient. Schedule II-IV drugs can be used to treat a multitude of medical conditions including AIDS, psychiatric disorders, chronic pain, and heroin addiction. Approximately seven million prescriptions are uploaded to PDMP on an annual basis.

Under Oregon law, the information gathered by PDMP cannot be released to law enforcement agencies absent a "valid court order based on probable cause." ORS 431.966(2)(a)(C). Nevertheless, the DEA has sought to obtain information from PDMP with administrative subpoenas issued pursuant to 21 U.S.C. § 876. Section 876 allows the Attorney General to empower federal law enforcement agencies to issue subpoenas for "the production of any records . . . which the Attorney General finds relevant or material" to an investigation with respect to controlled substances. *Id.* at § 876(a). The DEA regularly issues § 876 subpoenas to PDMP and plans to do so on a regular basis in the future. The State of Oregon has refused to comply with the § 876 subpoenas on the basis that to do so would violate Oregon law. In at least one instance, the DEA obtained judicial enforcement of a § 876 against PDMP for the production of all Schedule II-IV controlled substance subpoenas issued by a particular physician during the

2   - ORDER

course of approximately seven months. *United States v. Oregon Prescription Drug Monitoring Program*, 3:12-mc-00298 (D. Or. Aug. 27, 2012). In that matter, the magistrate judge found ORS 431.966's court order requirement to be preempted by § 876. The State of Oregon complied with the subpoena in that matter, however, additional subpoenas have since been issued to PDMP and the State of Oregon continues to maintain its position that it cannot comply with such subpoenas absent a court order. PDMP initiated this action on November 9, 2012, asking this court to determine whether the Supremacy Clause of the United States Constitution and § 876 preempt ORS 431.966.

The four John Doe movants each utilize prescribed Schedule II-IV substances for the treatment of various medical conditions such as recurring kidney stones, gender identity disorder, and posttraumatic stress disorder. They consider their health information to be private and are distressed that the DEA might obtain their prescription information without a warrant. Doctor Roe is an internist who treats geriatric and hospice patients and as a consequence, prescribes more Schedule II-IV drugs than a typical physician. He has been interviewed and investigated by the DEA in the past, and is concerned that his patients' prescription records have been accessed or may be accessed without a warrant. The ACLU seeks to intervene on behalf of its members who have prescription records maintained by PDMP. Movants contend that the DEA's use of § 876 subpoenas violates their reasonable expectations of privacy in their protected health information and violates the Fourth Amendment of the United States Constitution. The DEA objects to intervention by movants and PDMP has taken no position on the Motion to Intervene.

**STANDARDS**

Federal Rule of Civil Procedure 24 provides for two types of intervention by a private party: intervention as a matter of right and permissive intervention. Fed. R. Civ. P. 24.

3      - ORDER

Intervention as a matter of right must be granted on a timely motion to anyone who "claims an interest to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *Id.* The Ninth Circuit has developed a four-part test to evaluate applications for intervention as a matter of right. *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2012). The applicant must demonstrate that:

> (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.

*Id.* (citations and quotation omitted).

Permissive intervention is appropriate on a timely motion when an applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). To satisfy the requirements of Rule 24(b), the applicant must prove that: "(1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).

Regardless of what type of intervention is sought, the Ninth Circuit upholds a liberal policy in favor of intervention. *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011). Such a policy allows for "both efficient resolution of issues and broadened access to the courts." *Id.* (quoting *United States v. City of Los Angeles*, 288 F.3d 391, 197 (9th Cir. 2002)).

## DISCUSSION

Movants assert that they are entitled to intervene in this action as a matter of

4    - ORDER

right, or in the alternative, that they should be permitted to intervene permissively. The DEA does not contend that the Motion to Intervene was untimely, but that movants do not have a significant protectable interest, that the disposition of this action will not impair movants' ability to assert their interests, and that the existing parties will adequately represent movants' interests.

To demonstrate that an applicant has a significant protectable interest justifying intervention, the applicant must show that the "interest is protectable under some law and that there is a relationship between the legally protected interest and the claims at issue." *Wilderness Soc.*, 630 F.3d at 1179 (citation and quotation omitted). An applicant can demonstrate a sufficient interest for intervention as of right "if it will suffer a practical impairment of its interests as a result of the pending action." *Id.* (quoting *Cal. ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006)).

Movants contend that they have two protectable interests at stake in this litigation: a Fourth Amendment interest in preventing their confidential prescription records from being obtained by law enforcement without probable cause, and a statutory interest in the privacy protections afforded by ORS 431.966. Defendant contends that movants lack a protectable interest in this litigation because there is not an unconditional constitutional right of privacy to medical information related to prescriptions, and because the five-part balancing test announced in *Tucson Woman's Clinic v. Eden*, 379 F.3d 531, 550 (9th Cir. 2004) "establishes that DEA's interest in obtaining the prescription medical records outweighs the privacy interest of the Movants." Def.'s Resp. at 10. Defendant's arguments misapprehend the interests claimed by movants and are misplaced at this stage in the litigation. The very fact that defendant suggests the DEA's interests outweighs those of movants goes to show that movants have an interest in this litigation. The question is whether movants' interests are "protectable under some law," not

5    - ORDER

whether movants will ultimately prevail on the merits. *Wilderness Soc.*, 630 F.3d at 1179; *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 821 n.2 (9th Cir. 2001). It is clear that movants have colorable arguments that their interests are protected both by the Fourth Amendment and by ORS 431.966 and that those interests are related to the claims at issue in this litigation.

It is equally clear that the disposition of this action without movants' participation "may, as a practical matter, impair or impede the [their] ability to protect their interest." *Citizens for Balanced Use*, 647 F.3d at 897. If this court enters an order requiring PDPM to comply with § 876 subpoenas, movants' ability to contest the lawfulness of such subpoenas will undoubtedly be impaired. The DEA's contention that movants' ability to protect their interests will not be impaired because movants could bring a facial challenge to ORS 431.966 in state court is incorrect and irrelevant.

Lastly, the existing parties in this case do not adequately represent movants' interests. PDPM's arguments focus on preemption rather than on movants' related, though distinct, Fourth Amendment claim. Accordingly, PDPM is unlikely to make the same arguments movants would make. *Sw. Ctr. For Biological Diversity*, 268 F.3d at 822.

**CONCLUSION**

For the foregoing reasons, the ACLU's Motion to Intervene [7] and Motion to File Complaint in Intervention Using Pseudonyms [8] are GRANTED.

IT IS SO ORDERED.

DATED this 31 day of March, 2013.

Ancer L. Haggerty
United States Judge

6   - ORDER