**S. AMANDA MARSHALL, OSB #95437**
United States Attorney
District of Oregon
**KEVIN DANIELSON, OSB #06586**
Assistant United States Attorney
kevin.c.danielson@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR  97204-2902
Telephone: (503) 727-1025
FAX: (503) 727-1117
        Attorneys for Defendant


# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON
# PORTLAND DIVISION


| | |
|---|---|
| **OREGON PRESCRIPTION DRUG MONITORING PROGRAM, an agency of the STATE OF OREGON,** | **Case No.: 3:12-cv-02023-HA** |
| **Plaintiff,** | **DEFENDANT'S ANSWER TO COMPLAINT IN INTERVENTION** |
| **v.** | |
| **UNITED STATES DRUG ENFORCEMENT ADMINISTRATION, an agency of the UNITED STATES DEPARTMENT OF JUSTICE,** | |
| **Defendant.** | |

Defendant United States Drug Enforcement Administration, by S. Amanda Marshall, United States Attorney for the District of Oregon, through Assistant U.S. Attorney Kevin Danielson, answers the complaint in intervention as follows:

## Introduction

1.     In Paragraph 1, Intervenors have summarized their action, to which no response is required.  To the extent a response is deemed to be required, Defendant denies that the actions of the DEA implicate Intervenors' constitutional rights, violate the Fourth Amendment or violate Oregon law.

2.     Defendant denies the allegations of Paragraph 2, except to admit that in 2009 the State of Oregon enacted legislation creating the Oregon Prescription Drug Monitoring Program ("PDMP").

3.     Defendant denies the allegations of Paragraph 3, except to admit that Intervenors have quoted accurately a portion of Or. Rev. Stat. § 431.966(2)(a)(C).

4.     Defendant denies the allegations of Paragraph 4, except to admit that the Drug Enforcement Administration ("DEA") has issued administrative subpoenas to the PDMP seeking certain prescription information of Oregon patients and physicians.

5.     In Paragraph 5, Defendant denies the allegations.

6.     In Paragraph 6, Intervenors have summarized their action, to which no response is required.  To the extent a response is deemed to be required, Defendant denies the allegations of Paragraph 6.

**Parties**

7.      In Paragraph 7, Defendant admits only that Intervenors have used pseudonyms. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

8.      In Paragraphs 8-12, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

9.      In Paragraph 13, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

10.     In Paragraph 14, Defendant denies the allegations of the paragraph, except to admit that the Oregon PDMP was established by the Oregon Health Authority pursuant to Or. Rev. Stat. §§ 431.962 – 431.978, and oversees an electronic database containing prescription information.

11.     In Paragraph 15, Defendant admits the allegations, except to deny that the U.S. Drug Enforcement Administration is an agency.

**Jurisdiction and Venue**

12.     In Paragraph 16, the allegations characterize this action, to which no response is required.  To the extent a response is deemed to be required, Defendant denies the allegations.

13.     In Paragraph 17, the allegations state a conclusion of law, to which no response is required.  To the extent a response is deemed to be required, Defendant admits the allegations.

14.     In Paragraph 18, the allegations state a conclusion of law, to which no response is required.  To the extent a response is deemed to be required, Defendant admits the allegations.

15.     In Paragraph 19, Defendant denies that Plaintiff-Intervenors' prescription records are contained in the Oregon PDMP.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

16.     In Paragraph 20, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

17.     In Paragraph 21, Defendant denies the allegations.

## Facts

18.     In Paragraph 22, Defendant admits the allegations, except the allegation that the Oregon PDMP records information about all prescription drugs dispensed in Oregon, for which Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

19.     In Paragraph 23, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

20.     In Paragraph 24, the allegations set forth requirements of law, to which no response is required.  To the extent a response is deemed to be required, Defendant admits the allegations.

21.     In Paragraph 25, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

22.     In Paragraph 26, the allegations set forth requirements of law, to which no response is required.  To the extent a response is deemed to be required, Defendant admits the allegations.

23.     In Paragraph 27, Defendant admits that drugs classified in schedules II-IV include a wide range of medications. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

24.     In Paragraph 28, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

25.     In Paragraph 29, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

26.     In Paragraph 30, the allegations set forth requirements of law, to which no response is required.  To the extent a response is deemed to be required, Defendant admits the allegations.

27.     In Paragraph 31, the allegations set forth requirements of law, to which no response is required.  To the extent a response is deemed to be required, Defendant admits the allegations.

28.     In Paragraph 32, the allegations set forth requirements of law, to which no response is required.  To the extent a response is deemed to be required, Defendant admits the allegations.

29.     In Paragraph 33, Defendant denies the allegations, except to admit that it has issued subpoenas under 21 U.S.C. § 876 to the PDMP requesting prescription information.

30.     In Paragraph 34, Defendant denies that the paragraph quotes accurately the language in the referenced subpoena, but admits the remaining allegations.

31.     In Paragraph 35, Defendant denies the allegations of the paragraph, except to admit that the DEA took the position that redacted health information could not reasonably be used to further the investigation.

32.     In Paragraph 36, Defendant admits the allegations.

33.     In Paragraph 37, Defendant admits the allegations.

34.     In Paragraph 38, Defendant admits that the PDMP disclosed prescription information to the DEA in response to the DEA's January 5, 2012, administrative subpoena, but denies the remaining allegations of the paragraph.

35.     In Paragraph 39, Defendant admits that in August of 2012 a DEA agent stated: "Given the DEA's current investigatory practices, I anticipate that we will issue additional administrative subpoenas to the Oregon PMP approximately two times a month for the foreseeable future."  Defendant denies the remaining allegations.

36.    In Paragraph 40, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

37.    In Paragraph 41, Defendant admits the allegations.

38.    In Paragraph 42, Defendant admits the allegations.

39.    In Paragraph 43, Defendant admits the allegations.

40.    In Paragraph 44, the allegations characterize the claims of Plaintiffs, to which no response is required.  To the extent a response is deemed to be required, Defendant admits the allegations.

41.    In Paragraph 45, the allegations characterize Plaintiffs-Intervenors claims, to which no response is required.  To the extent a response is deemed to be required, Defendant denies that the actions of the DEA implicate Intervenors' constitutional rights or violate the Fourth Amendment.

42.    In Paragraph 46, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

43.    In Paragraph 47, Defendant denies the allegations.

44.    In Paragraph 48, Defendant denies the allegations.

45.    In Paragraph 49, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

46.    In Paragraph 50, Defendant denies the allegations.

47.    In Paragraphs 51-156, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

48.     In Paragraph 157, Defendant denies the allegations.

49.     In Paragraphs 158-174, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

50.     In Paragraph 175, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

## First Cause of Action

51.     In Paragraph 176, Defendant restates its previous answers and denials.

52.     In Paragraph 177, the allegation sets forth a statement of law, to which no response is required.  To the extent a response is deemed to be required, Defendant admits the allegation.

53.     In Paragraph 178, Defendant denies the allegations.

54.     In Paragraph 179, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

55.     In Paragraph 180, Defendant denies the allegations.

56.     In Paragraph 181, Defendant denies the allegations.

## Second Cause of Action

57.     In Paragraph 182, Defendant denies the allegations.

58.     In Paragraph 183, Defendant denies the allegations.

## Prayer for Relief

59.     The Intervenors' prayer for relief should be denied.

/ / / /

**AFFIRMATIVE DEFENSES**

1.     The Court lacks jurisdiction over Intervenors' claims.

2.     The Intervenors lack standing.

3.     The Intervenors' claims are not ripe.

4.     The Intervenors have failed to state claims upon which relief can be granted.

5.     The Intervenors' claims are improper constitutional claims against a federal

agency.

Dated this 7th day of May 2013.

S. AMANDA MARSHALL
United States Attorney
District of Oregon


*/s/ Kevin Danielson*
KEVIN DANIELSON
Assistant United States Attorney
Attorneys for Defendants