ELLEN F. ROSENBLUM
Attorney General
SHEILA H. POTTER #993485
Deputy Chief Trial Counsel
SARAH M. VILLANUEVA #093412
Assistant Attorney General
Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Sheila.Potter@doj.state.or.us
        Sarah.M.Villanueva@doj.state.or.us

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| OREGON PRESCRIPTION DRUG MONITORING PROGRAM, an agency of the STATE OF OREGON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DRUG ENFORCEMENT ADMINISTRATION, an agency of the UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendant. | Case No. 3:12-cv-02023-HA<br><br>PLAINTIFF PDMP'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT, AND OPPOSITION TO DEA'S CROSS-MOTION |

      In this action, the Oregon Prescription Drug Monitoring Program has sought summary judgment in its favor, seeking a declaration that federal and Oregon law combine in such a way that PDMP must wait for a court order before it may comply with an administrative subpoenas for information that is statutorily protected from disclosure under the Oregon laws governing the

Page 1 -   PLAINTIFF PDMP'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT, AND OPPOSITION TO DEA'S CROSS-MOTION
          SP3/cjw/4565842-v1

Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

program. In the alternative, it seeks summary judgment that it has the legal right to hold off on disclosure until the DEA's administrative subpoena has undergone the judicial review contemplated by the Controlled Substances Act. The DEA has not, in its cross-motion, provided a legal basis to conclude that PDMP must immediately disclose all records that the DEA wants, without even the narrow and efficient judicial review that the CSA calls for. The PDMP therefore renews its request for summary judgment.

## I.   ARGUMENT

A.   **Oregon law's requirement of a court order is not preempted by federal law, as the requirement is completely consistent with federal law and is no obstacle to it.**

Contrary to the position taken by the DEA, Oregon law's requirement of a court order is no "obstacle to the accomplishment and execution of the full purposes and objectives of Congress in providing DEA with the power to issue administrative subpoenas." (DEA's Response Brief at 10.) To the contrary: as PDMP illustrated in its initial briefing, the DEA is specifically required under the Controlled Substances Act to obtain a court order for enforcement when a respondent to an administrative subpoena does not voluntarily comply with a subpoena. See 21 U.S.C. § 876(c) ("In the case of contumacy by or refusal to obey a subpena [sic] issued to any person, [DEA] may invoke the aid of any court of the United States . . . to compel compliance with the subpena [sic]."). The DEA's administrative subpoenas are *never* self enforcing, and Congress foresaw that the courts would need to be the final arbitrator when a respondent, for any reason, refused to comply with an administrative subpoena.

PDMP is not presuming, as the DEA suggests, that "the DEA lacks authority to issue subpoena's based on a finding of relevance or materiality." (*See* DEA's Response Brief at 11.) PDMP recognizes the DEA's authority to issue such subpoenas and complies with them once there is a valid order from the court. But PDMP has the right under federal law, and the responsibility under completely consistent Oregon law, to wait for a court to review the subpoena before turning over confidential and personal prescription information.

Page 2 -   PLAINTIFF PDMP'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT, AND OPPOSITION TO DEA'S CROSS-MOTION
SP3/cjw/4565842-v1

The DEA has not identified any cases in which a court has examined the issue raised by Oregon here. In the Michigan and Colorado cases cited by the DEA (*Michigan Dep't of Comty. Health*, No. 1:10-mc-109, 2011 WL 2412602, at *13 (W.D. Mich. June 9, 2011); *see also United States Dep't of Justice v. Colorado Bd. of Pharm.*, No. 1-cv-1116, 2010 WL 3547898, at *4 (D. Colo. Aug. 13, 2010), cited in DEA's Response Brief at 11), those states took the position that state law absolutely prevented the disclosure of information to the DEA. In both cases, the state law flatly forbade the production of records, and the state agencies in question flatly refused to turn over the records. But that's not what Oregon is doing here. Rather, PDMP reads the intersection of federal and Oregon law to require PDMP to wait for a court order, because both federal and state law provide for such an order before the subpoena may be enforced against PDMP. (In the alternative, PDMP contends that federal law allows it to wait for an order, rather than compelling the production on the basis of the administrative subpoena alone.)

As such, it is easy to harmonize each sovereign's laws. Under the CSA, the DEA's administrative subpoenas are not self-enforcing; the CSA provides a process to allow a respondent to challenge the DEA's subpoenas. And under Oregon law, PDMP is not allowed to give its records over to a federal agency without a court order upholding the administrative subpoena. Accordingly, both federal and state laws provide for judicial oversight. Therefore, but for the probable cause requirement, the CSA does not preempt ORS § 431.966(2)(a)(C).

B.  **The "probable cause" portion of the Oregon statute is severable from the court order provision.**

The DEA has proposed a theory under which the probable cause requirement, which is preempted, is not severable from the remainder of ORS § 431.966(2)(a)(C), such that the entire provision is preempted by the CSA. But it is severable. Oregon's court-oversight provision is completely and easily capable of being executed without the probable cause requirement, and that makes the probable cause provision severable.

Page 3 -   PLAINTIFF PDMP'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT, AND OPPOSITION TO DEA'S CROSS-MOTION
SP3/cjw/4565842-v1

Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

As the DEA has noted, severability is a matter of state law. (DEA's Response Brief at 13.) Under Oregon law, if any part of a statute is stricken, the remaining parts must still be enforced unless they are "so essentially and inseparably connected with and dependent upon the unconstitutional part that it is apparent that the remaining part would not have been enacted without the unconstitutional part[,]" or "[t]he remaining parts, standing alone, are incomplete and incapable of being executed in accordance with the legislative intent." ORS § 174.040 (2), (3). Neither of those is the case here.

Whether an unconstitutional legislative provision should be severed is a matter of the legislative intent of the enacting body—in this case, the Oregon Legislature. *Clear Channel Outdoor, Inc. v. City of Portland*, 243 Or. App. 133, 147 (2011). Because PDMP collects such sensitive and detailed information, the Oregon legislature set out to build a number of safeguards to ensure that the information would be released only in particular circumstances. Three of those safeguards appear in the statute at issue here: PDMP may disclose such information only (1) "[p]ursuant to a valid court order" that is (2) "based on probable cause" and (3) "issued at the request of a federal, state or local law enforcement agency engaged in an authorized drug-related investigation involving a person to whom the requested information pertains." ORS § 431.966(2)(a)(C).

Once a provision is found unconstitutional, the court must take a careful look at what provision and language must be deleted to ensure the legislative intent remains intact, if possible. *See Clear Channel*, 243 Or. App. at 148. ORS 174.040 dictates a presumption that what can be saved of a statute by responsible judicial construction must be saved.

Without the probable-cause clause, then, the statute provides that PDMP will provide protected health information only "[p]ursuant to a valid court order… issued at the request of a federal, state or local law enforcement agency engaged in an authorized drug-related investigation involving a person to whom the requested information pertains." What remains is

Page 4 -   PLAINTIFF PDMP'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT, AND OPPOSITION TO DEA'S CROSS-MOTION
SP3/cjw/4565842-v1

Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

still a complete and coherent legal requirement, completely capable of execution—and completely consistent with the legislature's intent to protect the information.

The DEA argues that the probable cause clause is not severable because "[a]bsent the probable cause requirement, it is not clear what a court order is to be 'based on.'" DEA's Response Brief at 13. But it is clear. The remaining portion still limits disclosure and still provides clear direction for the court's analysis: whether the request is coming from an authorized agency engaged in a specific type of investigation relating to the precise person whose information is sought. This is not only a clear direction, consistent with the Oregon legislature's intent, but it is precisely consistent with the Court's inquiry under the CSA. (As the DEA has pointed out, this Court may enforce a subpoena only after determining "(1) whether the agency has the authority to investigate; (2) whether the required procedures were followed; and (3) whether the evidence is relevant and material to the investigation." DEA Response Brief at 14, citing *United States v. Golden Valley Elec. Ass'n*, 689 F.3d 1108, 1113 (9th Cir. 2012)).

Furthermore, given that PDMP is entrusted with such personal and private information, the legislature's desire to impose judicial oversight remains critical. For all these reasons, there is no basis to conclude that the probable-cause requirement is not severable.

**C.     PDMP does have a good-faith basis for not complying with the DEA's administrative subpoena without a court order.**

Oregon law and federal law both call for a court to review an agency's authority, the agency's adherence to its own procedures, and the relevance and materiality of the materials sought. If this review were frivolous and unnecessary, federal law wouldn't call for it. But it does, because that review—while narrow, limited, and efficient—is necessary to ensure the appropriate use of agency authority. It is not an act of bad faith for PDMP to ask for judicial oversight of precisely the sort that federal law specifically calls for.

To the extent the DEA is arguing that PDMP is bound by the order granted by Judge Papak in August of 2012, PDMP refers the Court to its summary judgment memorandum. That

Page 5 -    PLAINTIFF PDMP'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT, AND OPPOSITION TO DEA'S CROSS-MOTION
SP3/cjw/4565842-v1

Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

one subpoena was found to have met the threshold on the facts of that case does not—and could not possibly—make every other subpoena valid for all time, no matter what the facts.

## II.   CONCLUSION

Because it is possible to comply with both the CSA and Oregon law, PDMP asks this Court to find that the CSA does not preempt ORS § 431.966(a)(2)(C), except for the probable cause requirement, which is easily severable from the statute. Accordingly, PDMP asks the Court to find that PDMP has a legal obligation to hold off on producing its protected records in response to a DEA administrative subpoena until the subpoena has been enforced by a court order finding that the subpoena meets all relevant federal and state requirements.

In the alternative, PDMP asks the Court to rule that it may lawfully and in good-faith decline to produce protected records under ORS § 431.966 in response to a DEA administrative subpoena until the subpoena has been enforced by a court order finding that it meets all relevant federal and state requirements.

DATED September   23  , 2013.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

        s/ Sheila H. Potter
SHEILA H. POTTER #993485
Deputy Chief Trial Counsel
SARAH M. VILLANUEVA #093412
Assistant Attorney General
Trial Attorneys
Phone: 971-673-1880
Fax: 971-673-5000
Sheila.Potter@doj.state.or.us
Sarah.M.Villanueva@doj.state.or.us
Of Attorneys for Plaintiff

Page 6 -   PLAINTIFF PDMP'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT, AND OPPOSITION TO DEA'S CROSS-MOTION
SP3/cjw/4565842-v1

Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000