**S. AMANDA MARSHALL, OSB #954373**
United States Attorney
District of Oregon
**KEVIN DANIELSON, OSB #065860**
kevin.c.danielson@usdoj.gov
Assistant United States Attorney
United States Attorney's Office
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204-2902
Telephone:   (503) 727-1025
Facsimile:    (503) 727-1117
        Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **OREGON PRESCRIPTION DRUG MONITORING PROGRAM, an agency of the STATE OF OREGON**,<br><br>        Plaintiff,<br><br>        v.<br><br>**UNITED STATES DRUG ENFORCEMENT ADMINISTRATION, an agency of the UNITED STATES DEPARTMENT OF JUSTICE**,<br><br>        Defendant. | Case No.: 3:12-CV-02023-HA<br><br>**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF** |

JOHN DOE 1, JOHN DOE 2, JOHN
DOE 3, JOHN DOE 4, DR. JAMES
ROE, and the AMERICAN CIVIL
LIBERTIES UNION OF OREGON,
INC.,

        **Plaintiffs-Intervenors,**

        v.

UNITED STATES DRUG
ENFORCEMENT
ADMINISTRATION, an agency of the
UNITED STATES DEPARTMENT
OF JUSTICE,

        **Defendant in Intervention.**

Defendant United States Drug Enforcement Administration ("DEA"), by S. Amanda Marshall, United States Attorney for the District of Oregon, through Assistant United States Attorney Kevin Danielson, submits this reply brief in support of its cross-motion for summary judgment against Plaintiff.

## ARGUMENT

**I.    ORS § 431.966(2)(a)(C) is preempted by federal law because it stands as an obstacle to the execution of the DEA's administrative subpoena power.**

Plaintiff Oregon Prescription Drug Monitoring Program ("PDMP") argues that Oregon's requirement of a court order is not preempted by federal law and does not create an obstacle for DEA's investigations under the Controlled Substances Act ("CSA") because DEA may obtain a court order to enforce an administrative subpoena in circumstances where the person to whom the subpoena is issued refuses to obey the

Page - 2    Defendant's Reply Brief in Support of Summary Judgment Against Plaintiff
                       *Oregon Prescription Drug Monitoring Program v. Drug Enforcement Admin.,*
                       3:12-CV-02023-HA

subpoena. But, contrary to PDMP's arguments and as explained in DEA's opening brief, an administrative subpoena is valid when issued by the DEA and a court order is not required. Thus, ORS § 431.966(2)(a)(C), which requires a court order in all circumstances, is preempted.

Congress authorized the DEA to issue administrative subpoenas for any records that are relevant or material to an investigation related to the nation's drug laws. 21 U.S.C. § 876(a). Thus, Congress gave the DEA, not courts, the authority to exercise the administrative subpoena power to secure evidence during drug investigations. PDMP notes that the DEA's administrative subpoenas are not self-enforcing in the sense that, if a person refuses to obey the subpoena, the DEA must seek the aid of a district court to enforce it. 21 U.S.C. § 876(a); *Oklahoma Press Pub. Co., v. Walling*, 327 U.S. 186, 214 (1946); *Golden Valley Electric Assoc.*, 689 F.3d 1108, 1116. However, just because the DEA may go to court to seek "aid" in enforcing an administrative subpoena "[i]n the case of contumacy by or refusal to obey a subpoena," does not mean that a state law that requires a court order *in all circumstances*, like PDMP claims Oregon law does, is not an obstacle to the execution of the DEA's administrative subpoena power. It is an obstacle.

Congress authorized the DEA to obtain information that it determined was relevant or material to an investigation without a court order. The Ninth Circuit has recognized that the "very backbone" of an agency's effectiveness in carrying out its congressionally mandated duties is the rapid exercise of its power to investigate matters under its jurisdiction and the right to have a district court enforce the subpoena. *Federal*

**Page - 3**     **Defendant's Reply Brief in Support of Summary Judgment Against Plaintiff**
             *Oregon Prescription Drug Monitoring Program v. Drug Enforcement Admin.*,
             3:12-CV-02023-HA

*Maritime Comm. v. Port of Seattle*, 521 F.2d 431, 433 (9th Cir. 1975). If the DEA was required to obtain a court order for each administrative subpoena issued to PDMP, that requirement would delay the DEA's investigations and would be a time-consuming obstacle that Congress did not intend when it authorized DEA to issue subpoenas under 21 U.S.C. § 876(a). Indeed, as the DEA explained, if Congress intended to require court action before the DEA could use the administrative subpoena power, it could have said so by authorizing courts to issue subpoenas upon application by DEA representatives. But that is not what Congress did in 21 U.S.C. § 876(a).

Oregon's requirement of a court order is preempted by federal law because an administrative subpoena issued by the DEA under 21 U.S.C. § 876(a) is valid when issued and only requires a court order when a person refuses to obey the subpoena. The additional step mandated by Oregon law of obtaining a court order in all circumstances, before the subpoena is complied with, would stand as an obstacle to DEA's ability to rapidly investigate possible violations of the drug laws. Therefore, ORS § 431.966(2)(a)(C) is preempted by federal law.

**II.    Alternatively, the probable cause portion of the Oregon statute is not severable because it is the linchpin of the provision and the legislature's intent cannot be achieved without it.**

PDMP argues that once the probable cause portion of ORS § 431.966(2)(a)(C) is stricken, the remaining parts of that provision can be saved because, instead of being based on probable cause as required by the statute, the court order required by the provision could be based on something else, i.e., a court determining that the

administrative subpoena was "issued at the request of a federal, state, or local law enforcement agency engaged in an authorized drug-related investigation involving a person to whom the requested information pertains." Dkt. 47, PDMP's Br. at 4. But PDMP cannot save the statute by rewriting it.

The probable cause requirement of ORS § 31.966(2)(a)(C) is the key provision and requires a court to evaluate the specific circumstances and determine if the requested information should be released from PDMP. This key provision cannot be severed from the rest of the statute. Without the probable cause analysis, a court would only see that a request for information from the PDMP was made by a federal, state, or local law enforcement agency engaged in an authorized drug-related investigation and that the information pertained to a person. A court would essentially have no function once those two basic elements were established.

In addition, PDMP's proposed severed version of ORS § 431.966(2)(a)(C) requires that the DEA apply for a court order to obtain prescription information each time it requests information from PDMP. This proposed version does not provide for any administrative subpoena and is in direct conflict with the federal subpoena power granted to the DEA by the CSA.

In enacting ORS § 431.966(2)(a)(C), the Oregon legislature sought to limit disclosure of information in the PDMP to situations where there was a "valid court order based on probable cause." Conceding that the probable cause requirement is preempted, PDMP attempts to rewrite the "court order based on probable cause" requirement into a

Page - 5    **Defendant's Reply Brief in Support of Summary Judgment Against Plaintiff**
             *Oregon Prescription Drug Monitoring Program v. Drug Enforcement Admin.*,
             3:12-CV-02023-HA

"court order" based on other considerations requirement.  This is not permitted.  One portion of a statute cannot be severed from the rest when doing so would change the meaning of the remaining statutory language.  *See* ORS § 174.040 (the invalid portion of a statute is not severable from the remaining parts if, *inter alia*, "the remaining parts, standing alone, are incomplete and incapable of being executed in accordance with legislative intent" or "the remaining parts are so dependent on the invalid part that the remaining parts would not have been enacted without the invalid part.").[1]

Accordingly, the probable cause portion of ORS § 31.966(2)(a)(C) is not severable and the entire subsection is preempted.

## CONCLUSION

This Court should grant the DEA's motion for summary judgment.

Dated this 24th day of October 2013.

>Respectfully submitted,
>
>S. AMANDA MARSHALL
>United States Attorney
>District of Oregon
>
>*/s/ Kevin Danielson*
>KEVIN DANIELSON
>Assistant United States Attorney
>Attorneys for Defendant

---

[1] Moreover, even if such rewriting of legislative intent were permitted (and it is not), the result in this case would not, as PDMP claims, be "precisely consistent with the Court's inquiry under the CSA" in instances where a party refuses to obey a subpoena (PDMP's Br. at 5).  *Compare United States v. Golden Valley Electric Assoc.*, 689 F.3d 1108, 1113 (9th Cir. 2012) (issues considered by district court in administrative subpoena enforcement action), *with* PDMP's Br. at 5 (issues PDMP contends should be considered under rewritten Oregon law).

**Page - 6**     **Defendant's Reply Brief in Support of Summary Judgment Against Plaintiff**
*Oregon Prescription Drug Monitoring Program v. Drug Enforcement Admin.*, 3:12-CV-02023-HA