**S. AMANDA MARSHALL, OSB #954373**
United States Attorney
District of Oregon
**KEVIN DANIELSON, OSB #065860**
kevin.c.danielson@usdoj.gov
Assistant United States Attorney
United States Attorney's Office
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204-2902
Telephone:   (503) 727-1025
Facsimile:    (503) 727-1117
         Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **OREGON PRESCRIPTION DRUG MONITORING PROGRAM, an agency of the STATE OF OREGON**, <br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES DRUG ENFORCEMENT ADMINISTRATION, an agency of the UNITED STATES DEPARTMENT OF JUSTICE**,<br><br>Defendant. | Case No.: 3:12-CV-02023-HA<br><br>**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFFS-INTERVENORS** |

Page - 1      **Defendant's Reply Brief;**
              *Oregon Prescription Drug Monitoring Program v. Drug Enforcement Admin.,*
              3:12-CV-02023-HA

**JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, DR. JAMES ROE, and the AMERICAN CIVIL LIBERTIES UNION OF OREGON, INC.,**

    **Plaintiffs-Intervenors,**

    v.

**UNITED STATES DRUG ENFORCEMENT ADMINISTRATION, an agency of the UNITED STATES DEPARTMENT OF JUSTICE,**

    **Defendant in Intervention.**

Defendant United States Drug Enforcement Administration ("DEA"), by S. Amanda Marshall, United States Attorney for the District of Oregon, through Assistant United States Attorney Kevin Danielson, submits this reply brief in support of its cross-motion for summary judgment against Plaintiffs-Intervenors.

## Introduction

**I. Plaintiffs-Intervenors lack standing to raise their Fourth Amendment claim and the claim is not ripe.**

Plaintiffs-Intervenors argue that, as intervenors, they do not need to demonstrate independent standing under Article III so long as the original plaintiff has standing. Plaintiffs-Intervenors, however, ignore the well-established principle that "[a] plaintiff

must demonstrate standing for *each claim* he seeks to press." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (emphasis added); *see also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006); *Allen v. Wright*, 468 U.S. 737, 752 (1984) ("[T]he standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted" (emphasis added)). Thus, the fact that the Oregon Prescription Drug Monitoring Program ("PDMP") has standing to raise a *preemption claim* does not establish that Plaintiffs-Intervenors (or PDMP for that matter) have standing to raise a *Fourth Amendment claim*. Plaintiffs-Intervenors assert that "it is immaterial that Intervenors advance legal arguments distinct from Oregon's." Intervenors' Br., Dkt. 48, p. 21. But that is not the law. *See, e.g.*, *DaimlerChrysler*, 547 U.S. at 352. PDMP and Plaintiffs-Intervenors assert different legal claims. Standing must be established "for each claim." *Id*. Therefore, PDMP's standing to raise a preemption claim does not establish piggyback standing to permit Plaintiffs-Intervenors to raise a Fourth Amendment claim.

Plaintiffs-Intervenors have not established standing to raise a Fourth Amendment claim. As the DEA explained in its opening brief, the Does' alleged injuries are not "*certainly impending*" and thus do not constitute an injury in fact. *Clapper v. Amnesty International USA*, 133 S.Ct. 1138, 1147 (2013) (citation omitted). The Does' assertions of injury instead amount to allegations of possible future injury based on a speculative chain of contingencies," which is not sufficient to establish standing. *Id*. at 1147, 1150.

Page - 3    Defendant's Reply Brief;
            *Oregon Prescription Drug Monitoring Program v. Drug Enforcement Admin.*,
            3:12-CV-02023-HA

Indeed, as the DEA pointed out in its opening brief, the Does' and Dr. Roe's allegations of injury are no different than the "attenuated chain of possibilities" relied on by the plaintiffs in *Clapper*, 133 S.Ct. at 1148, and *Portland Police Association v. City of Portland*, 658 F.2d 1272 (9th Cir. 1981). The courts in those cases determined that the plaintiffs lacked standing, and this Court should to the same here, as Plaintiffs-Intervenors do not meaningfully distinguish those controlling cases. As with the plaintiffs in *Clapper* and *Portland Police Association*, a series of speculative contingencies must occur before the Does are injured.

Those contingent events include the following: (1) the DEA would have to undertake an investigation of a Doe's particular doctors or pharmacies; (2) the DEA would have to issue a subpoena to the Oregon PMP for information about the Doe's particular doctors or pharmacies; (3) the subpoena would have to concern the specific prescription drug(s) being used by the Doe; (4) the Doe's prescription information would have to be among the information that the DEA obtained from the Oregon PMP; (4) there would have to be an inadvertent public disclosure by the DEA of that information; and/or (5) the PDMP data would have to lead to further investigation of the Doe. The Does have not provided any basis to conclude that any of the foregoing speculative contingencies will "certainly" materialize, let alone that all of them will. *Clapper*, 133 S.Ct. at 1147.

Dr. Roe also has failed to establish an injury in fact. Dr. Roe can only state that he "believes" that the DEA has requested or obtained records of his prescriptions from

**Page - 4**   **Defendant's Reply Brief;**
*Oregon Prescription Drug Monitoring Program v. Drug Enforcement Admin.*,
3:12-CV-02023-HA

PDMP. Interventors' Br., Dkt. 48, pp. 24-25; he presents no evidence to show that records relating to him have actually been subpoenaed or that they certainly will be in the imminent future. In addition, Dr. Roe alleges he has lost income because he changed his prescribing practices, stopped making house calls, and referred patients to other doctors for classified pain medications. Similarly, John Doe 2 alleges that he may incur additional costs in the future by filling his prescriptions in another state.

However, the Supreme Court has made clear that standing cannot be created by incurring costs in response to a speculative threat. *Clapper,* 133 S.Ct. at 1151. Simply put, a party "cannot manufacture standing by incurring costs in anticipation of non-imminent harm." *Id*. at 1155. Accordingly, neither Dr. Roe's fear of prosecution nor his actions that may have resulted in lost income create standing because they rest on the fear of hypothetical future harm that is not certainly impending. For the same reasons, the possibility that John Doe 2 may incur additional costs by filling his prescriptions out of state does not create standing. Therefore, Plaintiffs-Intervenors have not established standing and their claims should be dismissed.

Plaintiffs-Intervenors' claims also are not ripe. The DEA may never issue an administrative subpoena to PDMP regarding prescription information related to the Does or Dr. Roe. Therefore, the Does' and Dr. Roe's claims are not ripe because they rest on contingent future events that may not occur. *Texas v. United States*, 523 U.S. 296, 300 (1998). In addition, to the extent that Dr. Roe is asserting the rights of his patients, those claims, like those of the Does, are also based on contingent future events that may never

**Page - 5    Defendant's Reply Brief;**
*Oregon Prescription Drug Monitoring Program v. Drug Enforcement Admin.*,
3:12-CV-02023-HA

occur. Moreover, Dr. Roe has not established that he faces a "g*enuine* threat of *imminent* prosecution." *Wolfson v. Brammer*, 616 F.3d 1045, 1063. Accordingly, Plaintiffs-Intervenors' claims are not ripe and should be dismissed.

## II.  DEA's subpoena power does not violate Plaintiffs-Intervenors' Fourth Amendment rights.

Plaintiffs-Intervenors argue that because they have a reasonable expectation of privacy in their prescription information, the Fourth Amendment requires the DEA to first obtain a warrant based on probable cause. Plaintiffs-Intervenors are essentially challenging the constitutionality of 21 U.S.C. § 876(a); however, the law does not support their challenge.

The Supreme Court has held that an individual does not have a constitutionally protected interest in his prescription information obtained by a government agency. The DEA and Plaintiffs-Intervenors have both discussed *Whalen v. Roe*, 429 U.S. 589 (1977), which involved a New York law that required that the state be provided with a copy of every prescription for all schedule II drugs. The facts of the case will not be repeated here except to point out that the prescription information collected by New York under the challenged law was subject to investigation for over-dispensing by 24 investigators. *Id*. at 595. The Court found that the New York law did not violate the patients' right of privacy. *Id*. at 599-601. In its analysis, the Court specifically concluded that the purported privacy right alleged in the case was not protected under the Fourth Amendment. *Id*. at 604 n. 32. The Court then held that the record "did not establish an invasion of any right or liberty protected by the Fourteenth Amendment." *Id*. at 605.

Page - 6    **Defendant's Reply Brief;**
           *Oregon Prescription Drug Monitoring Program v. Drug Enforcement Admin.*,
           3:12-CV-02023-HA

The Ninth Circuit repeated the rule when it stated: "The holding in *Whalen* was that the New York law did not violate any constitutional rights of the patient whose prescriptions were revealed to the government." *Seaton v. Mayberg*, 610 F.3d 530, 537 (9th Cir 2010). Because courts do not recognize that patients have a right of privacy in their prescription information obtained by a government agency, Plaintiffs-Intervenors' claims fail. *See also See In re Grand Jury Proceedings v. United States*, 801 F. 2d 1164, 1170 (9th Cir. 1986) ("a person possesses no reasonable expectation that his medical history will remain completely confidential."); *United States v. Acklen*, 690 F.2d 70, 75 (6th Cir. 1982) ("the pharmaceutical industry . . . is a pervasively regulated industry and th[us] consequently pharmacists and distributors subject to the Controlled Substances Act have a reduced expectation of privacy in the records kept in compliance with the Act"); *United States v. Jamieson-McKames Pharmaceuticals, Inc.*, 651 F.2d 532 (8th Cir. 1981) (holding that pharmacist had no reasonable expectation of privacy in items subject to administrative inspection under the Food, Drug, & Cosmetic Act).

### III.    Administrative subpoenas do not require a showing of probable cause.

Plaintiffs-Intervenors argue that because they have a reasonable expectation of privacy in their prescription information (which they do not, for the reasons explained above), the Fourth Amendment requires a warrant issued by a neutral magistrate based on probable cause. This assertion, too, is incorrect. An agency, like the DEA, is not required to have probable cause to justify the issuance of a subpoena. *United States v. Golden Valley Electric Assoc.* 689 F.3d 1108, 1115 (9th Cir. 2012) citing *United States*

*v. Powell*, 379 U.S. 48, 57 (1964); *Oklahoma Press Pub. Co. v. Walling*, 327 U.S. 188, 215-16.  Probable cause is not required for an administrative subpoena because the object of many investigations is "to determine whether probable cause exists to prosecute a violation." *In re Subpoena Duces Tecum*, 228 F.3d 341, 348 (4th Cir. 2000).  Accordingly, Plaintiffs-Intervenors' argument, that the DEA must have a warrant based on probable cause to obtain information from PDMP, has no merit.

**IV.    Plaintiffs-Intervenors do not have a reasonable expectation of privacy in prescription information held by PDMP as a third-party.**

Plaintiffs-Intervenors argue they continue to have a privacy interest in their prescription information even though it is in the hands of third-parties, i.e., doctors, pharmacies, and a database maintained by the State of Oregon.  But, as the DEA previously demonstrated, Plaintiffs-Intervenors have no reasonable expectation of privacy in information held by a third party because the information is not in their control or possession.[1]  *See Golden Valley Electric*, 689 F.3d. at 1116.  For similar reasons, Plaintiffs-Intervenors lack standing to challenge administrative subpoenas issued to PDMP.  *See United States v. Thompson*, 2010 WL 4641663, at *15 (W.D. Pa. Nov. 8, 2010) (citing cases and observing that "[w]hen DEA administrative subpoenas are issued to third parties pursuant to § 876(a), courts have held [other parties] lack standing to dispute their issuance.").

---

[1] It is worth noting that Plaintiffs-Intervenors do not appear to challenge the Oregon PDMP's collection of the Does and Dr. Roe prescription information without a warrant or probable cause.

**Page - 8    Defendant's Reply Brief;**
*Oregon Prescription Drug Monitoring Program v. Drug Enforcement Admin.*,
3:12-CV-02023-HA

In addition, the Supreme Court has recognized that private medical information is often disclosed to third parties for various reasons, even when it may reflect unfavorably on the patient. *Whalen*, 429 U.S. at 602. This disclosure may be to hospital personnel, insurance companies, and to public health agencies. *Id*. "Requiring such disclosures to representatives of the State having responsibility for the health of the community, does not automatically amount to an impermissible invasion of privacy." *Id*. Therefore, Plaintiffs-Intervenors have no expectation of privacy in their information held by PDMP and other third parties.

## CONCLUSION

The DEA asks this Court to dismiss the claims of the Plaintiffs-Intervenors or, in the alternative, grant summary judgment to the DEA.

Dated this 24th day of October 2013.

                                                                                 Respectfully submitted,

                                                                                 S. AMANDA MARSHALL
                                                                                 United States Attorney
                                                                                 District of Oregon

                                                                               */s/ Kevin Danielson*
                                                                                 KEVIN DANIELSON
                                                                                 Assistant United States Attorney
                                                                                 Attorneys for Defendant

**Page - 9**        **Defendant's Reply Brief;**
                      *Oregon Prescription Drug Monitoring Program v. Drug Enforcement Admin.,*
                      3:12-CV-02023-HA